FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 25 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITCHELL KREVAT,<br><br>        Plaintiff,<br>v.<br><br>BURGERS TO GO, INC. and SAMMY SULTAN<br>        Defendants. | Civil Action No. 13-CV-06258-JS-AKT<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY DEMAND**<br><br>Honorable Joanna Seybert |

## ANSWER

In response to the Complaint filed on October 11, 2013, by plaintiff Mitchell Krevat (plaintiff or "Krevat"), defendants Burgers To Go, Inc. ("Burgers") and Sammy Sultan ("Sultan"), collectively "Defendants", respond as follows:

### THE PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 1 and, on that basis denies the same.

2. Defendants admit the allegation of Paragraph 2.

3. Defendants admit that Sultan is a citizen of Israel and is the owner and manager of Burgers to Go, Inc. Defendants deny all other allegations of Paragraph 3.

### JURISDICTION AND VENUE

4. Defendants admit that the Complaint purports to be an action for trademark infringement and unfair competition under 15 USC § 1125 and the laws of the State of New York but denies that any of the substantive claims in the Complaint have any merit.

5. Defendants admit the allegations of Paragraph 5.

RECEIVED
NOV 2 3 2013
EDNY PRO SE OFFICE

6. Defendants deny the allegations of Paragraph 6.

7. Defendants admit that this Court has personal jurisdiction over defendants Burgers and Sultan. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

## FACTS

9. Defendants deny the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. The allegations in Paragraph 12 are incomprehensible and are therefore denied.

13. The allegations of Paragraph 13 are incomprehensible and are therefore denied.

14. Defendants deny the allegation of Paragraph 14.

15. Defendants deny the allegation of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants admit that defendant Burgers leased the former space occupied by an entity known as Burgers Bar and denies all other allegations of Paragraph 18.

19. Defendants admit the allegation of Paragraph 19.

20. Defendants deny the allegation of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendant Burgers admit that they are in the business of selling hamburger. Defendants deny all other allegations in Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

## **FIRST CLAIM**

38. Responding to the allegations of Paragraph 38, Defendants repeat and re-allege their responses to Paragraphs 1-37 of the Complaint.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

## SECOND CLAIM

42. Regarding the allegations of Paragraph 42, Defendants repeat and re-allege their responses to Paragraphs 1-44 of the Complaint.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

## THIRD CLAIM

50. Regarding the allegations of Paragraph 42, Defendants repeat and re-allege their responses to Paragraphs 1-49 of the Complaint.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

## FOURTH CLAIM

57. Regarding the allegations of Paragraph 42, Defendants repeat and re-allege their responses to Paragraphs 1-56 of the Complaint.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants repeat and incorporate by reference Paragraphs 1-61 of the Answer.

## Affirmative Defense

63. Upon information and belief, plaintiff has abandoned each and every one of the "Krevat trademarks" since at least as early as December 01, 2011.

## COUNTERCLAIMS

### I. The Parties

1. Defendant Burgers To Go Inc. is a New York Corporation having a place of business in Cedarhurst, New York and defendant Samuel Sultan resides in Hewlett, New York, both in this district.

2. Defendants are informed and believe, and thereupon allege, that plaintiff Mitchell Krevat resides at 200 East 94th Street, New York, NY 10128.

### II. Jurisdiction and Venue

3. This Court has personal jurisdiction over plaintiff because plaintiff submitted himself to such jurisdiction by filing his Complaint in this Judicial District.

4. Venue is proper pursuant to 28 U.S.C. §1391 and by plaintiff's choice of forum.

## FIRST COUNTERCLAIM

### Fraud on the U.S. Patent and Trademark Office-MUSTAENGO Mark

5. Defendants incorporate by reference and re-allege each of the allegations in Paragraphs 1-63 of the Answer.

6. Upon information and belief, plaintiff knowingly and deliberately made false and misleading statements under oath to the Commissioner for Trademarks of the U.S. Patent and Trademark Office in his application No. 86/036,207 on August 13, 2013 for registration of the trademark MUSTAENGO, namely, that plaintiff had been using the MUSTAENGO mark since at least as early as January 2007. Plaintiff's aforesaid knowingly false statement was made to induce the Commissioner for Trademarks to accept Plaintiff's aforesaid application as one based on use of the trademark sought to be registered.

7. Plaintiff is barred from claiming any rights in the MUSTAENGO mark.

## SECOND COUNTERCLAIM

### Fraud on the U.S. Patent and Trademark Office-CHIPAYO MAYO Mark

8. Defendants repeat and incorporate by reference Paragraphs 1-63 of the Answer.

9. Upon information and belief, plaintiff knowingly and deliberately made false and misleading statements under oath to the Commissioner for Trademarks of the U.S. Patent and Trademark Office in his Application No. 86/037,659 on August 14, 2013 for registration of the trademark CHIPAYO MAYO, namely, that plaintiff had been using the CHIPAYO MAYO mark since at least as early as January 2007. Plaintiff's aforesaid knowingly false statement was made to induce the Commissioner for Trademarks to

accept Plaintiff's aforesaid application as one based on use of the trademark sought to be registered.

10. Plaintiff is barred from claiming any rights in the CHIPAYO MAYO trademark.

## THIRD COUNTCLAIM

11. Defendants incorporate by reference and re-allege each of the allegations of Paragraphs 1-63 of the Answer.

12. Upon information and belief, Plaintiff has abandoned each of the trademarks of Reg. Nos. 3,912,193; 3,978,926 and 3,912,194.

## DEMAND FOR JUDGEMENT

WHEREFORE, defendants request that:

1. Plaintiff take nothing by way of his Complaint and that the same be dismissed with prejudice.

2. This Court enter judgment that U.S. Trademark Application No. 86/036,207 for the mark MUSTAENGO is null and void due to plaintiff's fraud on the U.S. Patent and Trademark Office and that the plaintiff is forever barred from asserting any trademark rights in the MUSTAENGO mark or any other mark confusingly similar thereto.

3. This Court enter judgment that U.S. Trademark Application No. 86/037,659 for the mark CHIPAYO MAYO is null and void due to plaintiff's fraud on the U.S. Patent and Trademark Office and that the plaintiff is forever barred from asserting any trademark rights in the CHIPAYO MAYO mark or any other mark confusingly similar thereto.

7

4. This Court enter judgment cancelling U.S. Reg. Nos. 3,912,193; 3,978,926 and 3,912,194.

5. Defendants be awarded costs, attorney's fees and other relief, both legal and equitable, to which they may be justly entitled.

6. Defendants be awarded such other and further relief as this Court deems proper.

## JURY DEMAND

Pursuant to Rule 38 (b) F.R.Civ.P., Defendants demand a trial by jury on all issues triable to a jury.

Respectfully submitted,

Burgers To Go, Inc.

By: *[signature]*

Samuel Sultan
1550 Pebble Lane
Hewlett, NY 11557
Tel.: 516-503-7600
Email: sammyhapina@yahoo.com

*[signature]*

Samuel Sultan
1550 Pebble Lane
Hewlett, NY 11557
Tel.: 516-503-7600
Email: sammyhapina@yahoo.com

Dated:
November 25, 2013

cc
Mitchell Krevat