THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MITCHELL KREVAT,

        Plaintiff,           CV 13-6258 (JS) (AKT)

    v.

BURGERS TO GO, INC. and SAMMY SULTAN

        Defendant(s)

_____X

RECEIVED
IN CHAMBERS OF
A. KATHLEEN TOMLINSON
★ MAY 2 3 2014 ★
TIME A.M. _____
P.M. _____

May 19, 2014

The Honorable A. Kathleen Tomlinson,

    Attached is what the court ordered on May 13, 2014, an affidavit from my accountant.

Respectfully,

*[signature]*

Samuel Sultan, Defendant

Dated: May 19, 2014

## AFFIDAVIT OF RON ARBEL

Name: Ron Arbel
Occupation: Accountant, CPA

I, Ron Arbel, affirm:

1. That I am the accountant for Burgers To Go, Inc. (The Corporation). And for its sole shareholder Samuel Sultan.

2. The Corporation currently has no income and has no assets.

I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

_5-17-14_     _Ron Arbel_

Date            Ron Arbel


STATE OF NEW YORK
COUNTY OF NASSAU

I, the undersigned Notary Public, do hereby affirm that Ron Arbel personally appeared before me on the 17th day of May 2014, and signed the above Affidavit as his free and voluntary act and deed.

_____
Notary Public

Jino Muckadackal
Notary Public
State of New York
Registration No: 01MU6123781
Qualified in Suffolk County
Expires: 03/14/2017

Downloaded from http://www.wikihow.com

**Ron Arbel**

| | |
|---|---|
| **From:** | Sam Sam <sammyhapina@yahoo.com> |
| **Sent:** | Wednesday, May 14, 2014 6:04 PM |
| **To:** | Ron Arbel |
| **Subject:** | Fw: Activity in Case 2:13-cv-06258-JS-AKT Krevat v. Burgers To Go, Inc. et al Order |

On Wednesday, May 14, 2014 3:47 PM, "ecf_bounces@nyed.uscourts.gov" <ecf_bounces@nyed.uscourts.gov> wrote:

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court<br>Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 5/14/2014 at 3:46 PM EDT and filed on 5/14/2014

| | |
|---|---|
| **Case Name:** | Krevat v. Burgers To Go, Inc. et al |
| **Case Number:** | 2:13-cv-06258-JS-AKT |
| **Filer:** | |

**Document Number:** No document attached

**Docket Text:**
AMENDED ORDER: The Court heard oral argument on plaintiff's application for a preliminary injunction which was referred to this Court by Judge Seybert. Decision is reserved. The Court has left the hearing record open for purposes of permitting defendant to provide (1) an affidavit by his accountant with exhibits showing that Burgers to Go has NO ASSETS OR INCOME, to be postmarked no later than May 23, 2014; and (2) documentation regarding the corporate status of Burgers to Go regarding the scope of liability of the individual defendant vis-a-vis the corporate entity, to be postmarked no later than May 27, 2014. Ordered by Magistrate Judge A. Kathleen Tomlinson on 5/14/2014. (Lanin, Debbie)

**2:13-cv-06258-JS-AKT Notice has been electronically mailed to:**

Mitchell Krevat  MKTGNY@mac.com

Sammy Sultan  sammyhapina@yahoo.com

**2:13-cv-06258-JS-AKT Notice will not be electronically mailed to:**

1

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MITCHELL KREVAT,

        Plaintiff,        CV 13-6256 (JS) (AKT)

v.

BURGERS TO GO, INC. and SAMMY SULTAN

        Defendant(s)

_____X

RECEIVED
IN CHAMBERS OF
A. KATHLEEN TOMLINSON
★ MAY 23 2014 ★

TIME A.M. _____
P.M. _____

May 19, 2014

The Honorable A. Kathleen Tomlinson,

      I, Samuel Sultan, believe that I, as an individual shareholder of Burgers To Go, Inc., cannot be held personally liable for the actions of the corporation. New York State law holds that "persons dealing with a corporation must look to the corporation, and not to the individual stockholders, for the payment of their claims" (D-4). Burgers To Go, Inc.'s status as an active domestic business corporation thereby shields me from personal liability (D-1). Thus, I ask that the plaintiff's legal claims be solely addressed to Burgers To Go, Inc., the corporation, and not to me, Samuel Sultan, the individual shareholder.

      This notion was upheld in the 1992 case 431 Conklin Corp. et al v. Laurence J. Rice, heard by the Appellate Division of the Supreme Court of the State of New York, Second Department (D-7). The court ruled that defendant Laurence J. Rice could not be held personally liable for the breach of contract that the corporation of which he was a principal and a shareholder carried out. This ruling was contingent on the fact that individuals "dealing with a corporation" must address the corporation, and not its individual shareholders, "even though the majority or all of the stock is under the control of one individual" (D-4). The case was dismissed, and the precedent of that dismissal supports my contention that I, as an individual, cannot be held legally accountable for the operations of Burgers To Go, Inc., the corporation.

      Additionally, the 1959 case Belk-Lindsey Company v. Morse Sewing Center of New York City, Inc. et al., heard by the Supreme Court, Special and Trial Term, New York County, maintained the individual's personal protection within the corporation's operations (D-7).

      In conclusion, based on the aforementioned New York State law and legal precedents, I, Samuel Sultan, ask the court to dismiss all charges against me.

Respectfully,

*[signature: Samuel Sultan]*

Samuel Sultan, Defendant
Dated: May 19, 2014

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through May 16, 2014.

---

Selected Entity Name: BURGERS TO GO, INC.
Selected Entity Status Information

**Current Entity Name:** BURGERS TO GO, INC.
**DOS ID #:** 4173559
**Initial DOS Filing Date:** DECEMBER 07, 2011
**County:** NASSAU
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O RON ARBEL, CPA
21 FAIRWAY DRIVE
OLD BETHPAGE, NEW YORK, 11804

**Chief Executive Officer**
SAMUEL SULTAN
1550 PEBBLE LN
HEWLETT, NEW YORK, 11557-1708

**Principal Executive Office**
BURGERS TO GO, INC.
531 CENTRAL AVE
CEDARHURST, NEW YORK, 11516

**Registered Agent**
NONE

This office does not record information regarding the

names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

## *Stock Information

**# of Shares   Type of Stock   $ Value per Share**
200                      No Par Value

*Stock information is applicable to domestic business corporations.

## Name History

**Filing Date   Name Type   Entity Name**
DEC 07, 2011   Actual      BURGERS TO GO, INC.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

D-3

trustee may wish to resign. The voting trust agreement may anticipate this event by providing procedures for resigning and for the filling of the subsequent vacancy.[78]

## XXV. LIABILITIES OF STOCKHOLDERS AND MEMBERS [§§ 951-970]

### A. IN GENERAL [§§ 951-959]

**Research References**

CLS NY Const Art X § 2
CLS Bus Corp Law §§ 620(e), 620(f), 628; CLS Coop Corp Law § 47; CLS N-PCL § 517; CLS Rur El Coop Law § 62
ALR Digest: Corporations §§ 257.7 et seq.
ALR Index: Cooperative Associations; Corporate Stock and Stockholders; Corporations; Foreign Corporations; Nonprofit Organizations
18 Am Jur 2d, Cooperative Associations §§ 27, 29; 18A Am Jur 2d, Corporations §§ 850-918
7A Am Jur Pl & Pr Forms (Rev), Corporations, Forms 233 et seq.
16 Am Jur POF2d 679, Liability of Parent Corporation for Acts of Subsidiary
West's NY Digest 4th, Corporations # # 215-217, 222, 223, 225-228, 236, 237, 239, 241-243, 259, 265, 268, 279

### § 951. Generally; rule of nonliability

**West's NY Digest 4th**

Corporations # # 215-217, 222, 223, 225-228, 236, 237, 239

**National Background**

Although corporate shareholders were not immune from liability for corporate debts or obligations at common law, shareholder insulation from corporate liability has been a cornerstone of corporate law in the United States since the 19th century, and virtually every sta[te]

---

78. 18A Am Jur 2d, Corporations § 1154.

Forms: Voting trust agreement—Resignation by trustee—Filling va-

cancy. 6A Am Jur Legal Forms Corporations § 74:1905.

now has a statute limiting a shareholder's liability to the cost of the shares held (18A Am Jur 2d, Corporations § 850).

In the absence of constitutional, statutory, or charter provisions to the contrary, stockholders are not individually liable, at least beyond the extent of their unpaid contributions,[79] for any of the obligations of a corporation,[80] whatever their character and in whatever manner incurred,[81] and persons dealing with a corporation must look to the corporation, and not to the individual stockholders, for the payment of their claims,[82] even though the majority or all of the stock is under the control of one individual[83] or another corporation.[84] Thus, a defendant, who was the principal shareholder of a corporation that had contracted to construct a building for the plaintiffs, was held entitled to the dismissal of action alleging that he failed to use reasonable care and skill in the selection of materials and workmen or in supervising the construction of a building since the allegedly negligent acts constituted nothing more than allegations of breach by the corporation of its implied obligations under the contract with the plaintiffs, for which he could not be held personally liable.[85]

This general rule applies not only to contractual obligations of

---

79. § 952.

80. 431 Conklin Corp. v Rice (1992, 2d Dept) 181 AD2d 716, 580 NYS2d 475; Connell v Hayden (1981, 2d Dept) 83 AD2d 30, 443 NYS2d 383.

81. Bottlers' Seal Co. v Rainey (1926) 243 NY 333, 153 NE 437.

In the absence of fraud, illegality, or complete control, a shopping-center lessor's majority shareholder, who also owned the majority of shares in a corporation which proposed to build a grocery store within 1 mile of the shopping center in which the lessee's grocery store was located, was not bound by a lease covenant prohibiting the lessor, directly or indirectly, from building a grocery store within 1 mile from the shopping center. Cone v Acme Markets, Inc. (1973, 4th Dept) 41 AD2d 409, 343 NYS2d 765.

**Forms:** Stockholders' individual liability. 7A Am Jur Pl & Pr Forms (Rev), Corporations, Forms 233 et seq.

82. Almirall & Co. v McClement (1923) 207 AD 320, 202 NYS 139, affd 239 NY 630, 147 NE 225; Belk-Lindsey Co. v Morse Sewing Center, Inc. (1959) 18 Misc 2d 572, 193 NYS2d 488.

Speculative, hearsay affidavit of plaintiff's attorney was insufficient basis to support piercing corporate veil in motor-vehicle accident case in order to reach sole owner and shareholder of corporation. Katz v N. Y. Tint Taxi Corp. (1995, 2d Dept) 213 AD2d 599, 624 NYS2d 65.

83. § 953.

84. § 954.

85. 431 Conklin Corp. v Rice (1992, 2d Dept) 181 AD2d 716, 580 NYS2d

governed by the relevant provisions of the Cooperative Corporations Law.[20] The policy of the state is to promote the creation of worker cooperative corporations based on the expectation that the cooperatives provide a means by which enterprises may be democratically controlled and operated by their own workers and that this form of ownership will result in increased job satisfaction and productivity and will enable workers to receive the fullest economic benefits from their endeavors. The establishment of worker cooperatives is also intended to promote the creation of new jobs in all economic sectors, offer greater economic stability within the state's communities, and discourage the movement of capital and jobs out of New York.[21] Any corporation organized under the Business Corporations Law may elect to be governed as a worker cooperative by stating its intent in its certificate of incorporation or by amending its certificate to include such a statement.[22]

Regardless of any other inconsistent provisions in the Cooperative Corporations Law, a worker cooperative is not classified as a non-profit or not-for-profit corporation.[23]

## III. CORPORATION AS AN ENTITY; ACTION TO DISREGARD CORPORATE ENTITY [§§ 33-46]

### A. IN GENERAL [§§ 33-36]

**Research References**

ALR Digest: Corporations § 262.5
ALR Index: Corporations; Piercing Corporate Veil
7A Am Jur Pl & Pr Forms (Rev), Corporations, Forms 41-56
Corporate Officer or Director as Alter Ego of Corporation. 9 Am Jur POF2d 57 §§ 1-5, 6 et seq.
West's NY Digest 4th, Corporations # # 1.3, 1.4, 1.6, 1.7

---

20. CLS Coop Corp Law § 81(1).
21. CLS Coop Corp Law § 80.
22. CLS Coop Corp Law § 84.

As to the contents certificates of incorporation under Business Corporations Law §§ 402 et seq., see § 71.

As to amendment of a certificate of incorporation under Business Corporations Law §§ 801 et seq., see §§ 148 et seq.

23. CLS Coop Corp Law § 83.

...has an existence separate and distinct from that ...members and stockholders[24] who are merged in ...entity, and such entity remains unchanged and ...identity notwithstanding changes in its member... ...a corporation absorbs and takes the place of the ...own its stock.[26] The corporate property is vested ...on itself, and not in the stockholders.[27] The ...not act for the corporation in transactions between ...and third persons,[28] and they are ordinarily not ...for the acts and obligations of the corporation.[29]

...ary circumstance, a corporation's independent exis... ...be ignored.[30] This rule applies even where the corpora-

---

...y Stony Clove Lake Acres ...pt) 202 AD2d 745, 608 ...appeal after remand on ...(App Div, 3d Dept) 633 ...; Total Care Health Indus- ...v Department of Social Ser- ..., 2d Dept) 144 AD2d 678, ...2d 15; Adler v G & B Fasten- ...(1988, 2d Dept) 143 AD2d ...NYS2d 898; New Castle Sid- ...v Wolfson (1983, 2d Dept) 97 ...501, 468 NYS2d 20, affd 63 ...782, 481 NYS2d 70, 470 NE2d ...

25. Rapid Transit Subway Const. Co. v New York (1932) 259 NY 472, 182 NE 145; In re Mt. Sinai Hospital (1928) 250 NY 103, 164 NE 871, 62 ALR 564; Elenkrieg v Siebrecht (1924) 238 NY 254, 144 NE 519, 34 ALR 592.

**Practice References:** Corporate Officer or Director as Alter Ego of Corporation. 9 Am Jur POF2d 57 §§ 1-5.

26. Reif v Williams Sportswear, Inc. (1961) 9 NY2d 387, 214 NYS2d 395, 174 NE2d 492, 42 CCH LC ¶ 50216; Halsted v Globe Indem. Co. (1932) 258 NY 176, 179 NE 376, reh den 259 NY 663, 182 NE 225.

27. § 832.

28. § 829.

29. See Division XXV, Liabilities of Stockholders and Members.

30. In re Seagroatt Floral Co. (1991) 78 NY2d 439, 576 NYS2d 831, 583 NE2d 287 (citing Port Chester Electrical Constr. Corp. v Atlas (1976) 40 NY2d 652, 389 NYS2d 327, 357 NE2d 983); Harris v Stony Clove Lake Acres (1994, 3d Dept) 202 AD2d 745, 608 NYS2d 584, appeal after remand on other grounds (App Div, 3d Dept) 633 NYS2d 691; Total Care Health Industries, Inc. v Department of Social Ser-

431 Conklin Corp. et al., Appellants, v. Laurence J. Rice, Respondent
  1. Heard by the Appellate Division of the Supreme Court of the State of New York, Second Department.
  2. Decision on March 9, 1992
  3. Defendant Laurence J. Rice was a principal and a shareholder of Laurence J. Rice, Inc.
  4. Defendant argued that he had signed the construction contract as President of Laurence J. Rice, Inc., and thus did not act as an individual.
  5. Defendant could not be held personally liable for the corporation's breach of contract
  6. The case was dismissed.
  7. Source: http://www.leagle.com/decision/1992897181AD2d716_1486

Belk-Lindsey Company, Plaintiff, v. Morse Sewing Center of New York City, Inc. et al., Defendants.
  1. Heard by the Supreme Court, Special and Trial Term, New York County.
  2. Decision on June 5, 1959.
  3. Plaintiff entered into a contract with defendant John W. Denton
  4. Defendants, after being granted a license to do so, sold sewing machines out of plaintiff's department store.
  5. Plaintiff argued that it was entitled to compensation.
  6. Morse Sewing Center of Orlando, Inc. was technically the lessee, therefore the defendants were not liable for plaintiff's compensation.
  7. Each and every check after the first (made to John W. Denton) were made payable to Morse Sewing Center of New York City, Inc., not to the individual defendants
  8. There was no evidence that the individual defendants personally operated the department, or personally agreed to secure plaintiff from the department's losses, securing defendants from the corporation's liability.
  9. The burden was on the plaintiff to prove that the individuals, and not the corporation, were the real party in interest.
  10. Although the original contract was between plaintiff and John W. Denton, the contract was actually assigned to Morse Sewing Center of Orlando, Inc.
  11. Judgment was rendered for defendants on the main case.
  12. Source: http://www.leagle.com/decision/195959018Misc2d572_1430

Samuel Sultan
1550 Pebble Ln.
Hewlett, NY 11557

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2014 ★
LONG ISLAND OFFICE

**Chambers of A. Kathleen Tomlinson**
U.S. Magistrate Judge
United States District Court
Eastern District of New York
P.O. Box 9014
Federal Plaza
Central Islip, New York 11722-9014

U.S. POSTAGE PAID
CEDARHURST, NY 11516
MAY 20, '14
AMOUNT
$1.40
0001523516