```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MITCHELL KREVAT,

                Plaintiff,                    MEMORANDUM & ORDER
                                              13-CV-6258(JS)(AKT)
        -against-

BURGERS TO GO, INC. and
SAMMY SULTAN,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Robert David Katz, Esq.
                    Eaton & Van Winkle LLP
                    3 Park Avenue, 16th Floor
                    New York, NY 10016

For Defendants
Burgers To Go:      No appearances.

Sammy Sultan:       Sammy Sultan, pro se
                    1550 Pebble Lane
                    Hewlett, NY 11557
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), recommending that the Court grant plaintiff Mitchell Krevat's ("Plaintiff") pending motion for default judgment against defendant Burgers To Go, Inc. ("Burgers To Go") and order other, related injunctive relief against Burgers To Go.  For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiff[1] brings this action against Burgers To Go and its principal, pro se defendant Sammy Sultan ("Sultan," and together with Burgers To Go, "Defendants"), alleging unauthorized use of Plaintiff's trademarks in connection with Defendants' hamburger restaurant. Plaintiff alleges that he ran and operated "Burgers Bar," a kosher food restaurant chain, between June 2006 and November 2011. (Compl. ¶ 10.) He claims that he registered five trademarks in connection with the "promotion and sale of Burgers Bar products," (Compl. ¶ 9), but the Complaint only identifies three of these marks: BURGERS BAR, CHIPAYO MAYO, and MUSTAENGO. (Compl ¶¶ 12-25.) Sometime in 2013, Plaintiff became aware that Defendants were using his marks without his consent. (Compl. ¶ 26.)

Based on this alleged conduct, the Complaint asserts four causes of action: (1) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under New York state law; and (4) trademark infringement under New York state law. (Compl. ¶¶ 38-61.) Plaintiff seeks an award of profits and damages arising from Defendants' alleged infringing activity, including pre- and

---

[1] Plaintiff originally commenced this action pro se. However, he has since obtained counsel, who appeared in this action on July 25, 2014. (See Docket Entry 52.)

post-judgment interest and attorneys' fees, and an order preliminarily and permanently enjoining Defendants from using Plaintiff's trademarks and directing Defendants to deliver for destruction all infringing materials. (Compl. at 10-11.)

On November 14, 2013 and November 19, 2013, Plaintiff filed affidavits of service that the Summons and Complaint were served on Burgers To Go and Sultan, respectively. (Docket Entries 9 & 11.) Defendants did not answer or otherwise respond to the Complaint and, on November 14, 2013, Plaintiff requested a Certificate of Default. (Docket Entry 10.) The Clerk of the Court certified Defendants' default on November 19, 2013. (Docket Entry 12.)

On December 6, 2013, Plaintiff and Sultan appeared at an initial conference before Judge Tomlinson. (See Dec. 6, 2013 Civil Conference Minute Order ("Dec. 6th Minute Order"), Docket Entry 21.) At the conference, Plaintiff consented to relieve Sultan of his default and Judge Tomlinson instructed the Clerk of the Court to vacate the certificate of default as to Sultan. (Dec. 6th Minute Order at 1.) However, Judge Tomlinson reminded Sultan that Burgers To Go, as a corporation, could not proceed pro se under the law. (Dec. 6th Minute Order at 1.) Judge Tomlinson granted Burgers To Go forty-five days to retain counsel. (Dec. 6th Minute Order at 1.)

Burgers To Go did not retain counsel and, on January 23, 2013, Plaintiff moved for default judgment as against Burgers To

Go only. (Docket Entry 26.) On February 18, 2013, Judge Tomlinson held a status conference, at which Sultan represented that Burgers To Go had not retained counsel and that it would not be represented by counsel going forward. (Feb. 18, 2014 Civil Conference Minute Order, Docket Entry 28, ¶ 2.) On February 21, 2013, the undersigned referred Plaintiff's motion for default judgment to Judge Tomlinson for a Report and Recommendation.[2]

After a thorough analysis, Judge Tomlinson's R&R concludes that Burgers to Go's default was willful, that Burgers To Go failed to present a meritorious defense, and that Plaintiff stated valid claims of: (1) false designation of origin and trademark infringement in violation of the Lanham Act, (2) unfair competition under New York law, and (3) trademark infringement under New York law. (R&R at 5-16.) The R&R also concludes that Plaintiff demonstrated the required elements for the issuance of an injunction, as well as the circumstances required for an order of the return of any infringing merchandise for destruction under Section 36 of the Lanham Act. (R&R at 16-20.) Judge Tomlinson's R&R specifically recommends that: (1) a default judgment be entered against Burgers To Go; (2) an injunction be issued preventing

---

[2] On June 12, 2013, Sultan filed a letter motion seeking to dismiss "all charges" against him. (Docket Entry 44.) Plaintiff has opposed that motion and also filed a motion to amend the Complaint to allege alter ego liability against Sultan. (Docket Entry 54.) These motions are currently pending before the Court and will be addressed in a separate, future order.

Burgers To Go from engaging in or participating in any infringing activity; (3) Burgers To Go be directed to turn over to Plaintiff for destruction any infringing merchandise in its possession, custody or control; and (4) that the calculation of damages against Burgers To Go be postponed until the case is resolved as to both Defendants. (R&R at 23.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected.³ Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

---

³ On August 11, 2014, Sultan filed a letter "clarify[ing]" that Burgers To Go had not hired counsel because "it no longer has any assets" and "cannot afford a lawyer." (Docket Entry 60.) To the extent that Sultan purports to object to the R&R, he has no standing to do so, as he may not represent Burgers To Go and the company cannot proceed pro se.

CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety and Plaintiff's motion for a default judgment against Burgers To Go (Docket Entry 26) is GRANTED. It is hereby ORDERED that:

(1) Burgers To Go's officers, agents, servants, employees, and representatives are PERMANENTLY ENJOINED from engaging in any activities that infringe any of Plaintiff's rights, including, but not limited to, infringing on Plaintiff's marks and offering for sale, selling, distributing, or marketing merchandise in any way that tends to deceive, mislead, or confuse the public into believing that Burgers To Go's products in any way originate with, are sanctioned by, or are affiliated with Plaintiff's marks;

(2) Burgers To Go is ORDERED to turn over to Plaintiff for destruction any infringing merchandise in its possession, custody, or control;

(3) The calculation of damages against Burgers To Go is deferred until this matter is resolved as against Sultan; and

(4) In light of his pro se status at the time he filed the motion for default judgment against Burgers To Go, Plaintiff is GRANTED thirty (30) days from the date of this Memorandum and Order to supplement his motion with the appropriate documentation to support his calculations regarding damages.

SO ORDERED.

Dated: September   16  , 2014         /s/ JOANNA SEYBERT
      Central Islip, New York         Joanna Seybert, U.S.D.J.