```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MITCHELL KREVAT,

                    Plaintiff,

        -against-                       MEMORANDUM & ORDER
                                        13-CV-6258(JS)(AKT)
BURGERS TO GO, INC. and
SAMMY SULTAN,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Robert David Katz, Esq.
                   Eaton & Van Winkle LLP
                   3 Park Avenue, 16th Floor
                   New York, NY 10016

For Defendants:    Richard S. Schurin, Esq.
                   Steven Stern, Esq.
                   Stern & Schurin LLP
                   410 E. Jericho Turnpike
                   Mineola, NY 11501
```

SEYBERT, District Judge:

Plaintiff Mitchell Krevat ("Plaintiff") commenced this action on October 11, 2013 against defendants Burgers To Go, Inc. ("Burgers To Go") and its principal, Sammy Sultan ("Sultan," and together with Burgers To Go, "Defendants"), alleging unauthorized use of Plaintiff's trademarks in connection with Defendants' hamburger restaurant. Currently pending before the Court are: (1) Sultan's letter motion to dismiss "all charges" against him, (Docket Entry 44); (2) Plaintiff's cross-motion for leave to amend the Complaint, (Docket Entry 54); and (3) Burgers To Go's motion for permission to file a response to Plaintiff's damages statement

against Burgers To Go, (Docket Entry 77). For the following reasons, Sultan's motion to dismiss is DENIED; Plaintiff's cross-motion for leave to amend the Complaint is DENIED WITHOUT PREJUDICE; and Burgers To Go's motion for permission to file a response to Plaintiff's damages statement is GRANTED.

BACKGROUND

I. Factual Background[1]

Between June 2006 and November 2011, Plaintiff ran and operated Burgers Bar, a kosher food restaurant chain in New York and New Jersey. (Compl. ¶ 10.) Plaintiff registered five trademarks with the U.S. Trademark Office that he uses in connection with the "promotion and sale of Burgers Bar products." (Compl. ¶¶ 9, 11.) The Complaint identifies three of these marks by name: BURGERS BAR, CHIPAYO MAYO, and MUSTAENGO. (Compl ¶¶ 12-17.)

At some point, Defendants Burgers To Go and Sultan opened their own kosher hamburger restaurant named "Burgers" at a location where Plaintiff formerly operated a Burgers Bar location. (Compl. ¶¶ 18-19.) According to Plaintiff, Defendants made no revisions or alterations to the previous space with regard to decor, layout, menu, food preparation, or delivery systems. (Compl. ¶ 18.) In

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

addition, Defendants frequently referred in print and online advertising to their restaurant as being "Formerly Burgers Bar." (Compl. ¶ 20.)

In 2013, Plaintiff became aware that Defendants were unlawfully using his trademarks in connection with their restaurant. (Compl. ¶ 26.) Plaintiff and his representatives called and wrote letters to Sultan demanding that Defendants "cease unauthorized use of [Plaintiff's] trademarks in connection with [Defendants'] restaurant," but Defendants refused and continued to use Plaintiff's marks. (Compl. ¶¶ 36, 37.)

Based on this alleged conduct, the Complaint asserts four causes of action: (1) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under New York state law; and (4) trademark infringement under New York state law. (Compl. ¶¶ 38-61.) Plaintiff seeks an award of profits and damages arising from Defendants' alleged infringing activity, including pre- and post-judgment interest and attorneys' fees, and an order preliminarily and permanently enjoining Defendants from using Plaintiff's trademarks and directing Defendants to deliver for destruction all infringing materials. (Compl. at 10-11.)

II. Procedural Background

This case has a somewhat lengthy procedural history. Plaintiff commenced this action on October 11, 2013.[2] Defendants did not answer or otherwise respond to the Complaint. On November 19, 2013, the Clerk of the Court certified Defendants' default. (Docket Entry 12.) On December 6, 2013, Plaintiff and Sultan appeared at an initial conference before Magistrate Judge A. Kathleen Tomlinson. (Dec. 6, 2013 Civil Conference Minute Order ("Dec. 2013 Minute Order"), Docket Entry 21.) At the conference, Plaintiff consented to relieve Sultan of his default and Judge Tomlinson instructed the Clerk of the Court to vacate the certificate of default as to Sultan. (Dec. 2013 Minute Order at 1.) Judge Tomlinson also informed Sultan of the long-standing rule that a corporation cannot proceed pro se and that if Burgers To Go failed to retain counsel within forty-five days, Plaintiff would be permitted to file a motion for default judgment against Burgers To Go. (Dec. 2013 Minute Order at 1.)

Burgers To Go did not retain counsel. On January 23, 2013, Plaintiff filed a motion for default judgment against Burgers To Go. (Docket Entry 26.) On February 18, 2013, Judge Tomlinson held a status conference, during which "Sultan stated

---

[2] Plaintiff commenced the action pro se, but he has since retained counsel, who filed a notice of appearance on July 25, 2014. (Docket Entry 52.)

4

that . . . Burgers To Go, Inc. ha[d] not been able to retain counsel and [would] not be represented by counsel going forward." (Feb. 18, 2014 Civil Conference Minute Order, Docket Entry 28, ¶ 2.) On February 21, 2013, the undersigned referred Plaintiff's motion for default judgment to Judge Tomlinson for a Report and Recommendation ("R&R"). (Docket Entry 29.)

In the interim, Sultan filed a letter motion to dismiss "all charges" against him on June 12, 2014. (Docket Entry 44.) On July 28, 2014, Plaintiff opposed Sultan's motion and also filed a cross-motion for leave to amend the Complaint to allege alter ego liability against Sultan. (Docket Entry 54.)

On August 5, 2014, Judge Tomlinson issued an R&R on Plaintiff's motion for default judgment against Burgers To Go. (R&R, Docket Entry 59.) Judge Tomlinson concluded that Burgers To Go's default was willful, that Burgers To Go failed to present a meritorious defense, and that Plaintiff stated valid claims of: (1) false designation of origin and trademark infringement in violation of the Lanham Act, (2) unfair competition under New York law, and (3) trademark infringement under New York law. (R&R at 5-16.) Judge Tomlinson further concluded that Plaintiff demonstrated the required elements for the issuance of an injunction, as well as the circumstances required for an order directing the return of any infringing merchandise for destruction under Section 36 of the Lanham Act. (R&R at 16-21.) Judge

Tomlinson's R&R ultimately recommended: (1) that a default judgment be entered against Burgers To Go; (2) that an injunction be issued preventing Burgers To Go from engaging in or participating in any infringing activity; (3) that Burgers To Go be directed to turn over to Plaintiff for destruction any infringing merchandise in its possession, custody, or control; and (4) that the calculation of damages against Burgers To Go be postponed until this action is resolved as to both Defendants. (R&R at 23.)

By Memorandum and Order dated September 16, 2014, after receiving no objections from Burgers To Go, the undersigned adopted Judge Tomlinson's R&R in its entirety. <u>Krevat v. Burgers to Go, Inc.</u>, No. 13-CV-6258, 2014 WL 4638844 (E.D.N.Y. Sept. 16, 2014).[3] As Judge Tomlinson recommended, the undersigned deferred the calculation of damages against Burgers To Go until the resolution of this case as against Sultan and also granted Plaintiff thirty days to supplement his default judgment motion with appropriate documentation to support his damages calculations. <u>Id.</u> at *3.

On October 15, 2014, Plaintiff moved to file his damages statement under seal since it apparently contained sensitive information concerning Sultan. (Docket Entry 65.) By Electronic

---

[3] On August 11, 2014, Sultan filed a letter "clarify[ing]" that Burgers To Go still had not hired counsel because "it no longer ha[d] any assets" and "[could not] afford a lawyer." (Docket Entry 60.)

6

Order dated October 16, 2014, Judge Tomlinson deferred ruling on Plaintiff's motion to seal pending a response from Sultan. On October 29, 2014, Sultan filed a letter advising that he "[did not] wish for [the damages statement] to be sealed." (Docket Entry 66.)

Thereafter, Sultan and Burgers To Go finally retained counsel. Defendants' counsel filed notices of appearance on November 6, 2014. (Docket Entries 69-70.) That same day, Defendants' newly retained counsel filed a letter to Judge Tomlinson requesting a telephone conference "for the purpose of clarifying [Burgers To Go's] obligations in this matter," including "when the Court expects to receive a response from . . . Burgers To Go to Plaintiff's damage statement." (Defs.' Nov. 6, 2014 Letter, Docket Entry 71, at 1.) On November 13, 2014, Judge Tomlinson denied counsel's request for a telephone conference, explaining that there was no lack of clarity in the record, that the Court never directed Burgers To Go to file a response to Plaintiff's damages statement, and that "[i]f defendants [were] seeking to take some action or seek some form of relief with regard to plaintiff's damages statement, they [would have to] make that application directly to Judge Seybert." (Nov. 13, 2014 Order, Docket Entry 74, at 2.)

On November 20, 2014, Defendants' counsel filed a letter motion for permission to file a response to Plaintiff's damages

7

statement. (Docket Entry 77.) That letter motion, Sultan's motion to dismiss, and Plaintiff's cross-motion for leave to amend the Complaint are currently pending before the Court.

DISCUSSION

I. Sultan's Motion to Dismiss

Sultan filed his letter motion to dismiss while he was still pro se and he did not identify the Federal Rule of Civil Procedure pursuant to which he seeks dismissal. He argues that "as an individual shareholder of Burgers To Go," he "cannot be held personally liable for the actions of the corporation." (Letter Mot. to Dismiss, Docket Entry 44, at 1.) The Court therefore construes Sultan's letter motion as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will first set forth the applicable legal standard before turning to Sultan's motion more specifically.

A. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this

"tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

B. Application

As noted, Sultan urges the Court to dismiss "all charges against [him]" because "as an individual shareholder of Burgers To Go," he "cannot be held personally liable for the actions of the corporation." (Letter Mot. to Dismiss at 1.) The Court disagrees.

Although "a corporate officer is not necessarily individually liable for torts committed on behalf of the corporation, personal liability for trademark infringement and unfair competition is established if the officer is a moving, active conscious force behind the defendant corporation's infringement." Bambu Sales, Inc. v. Sultana Crackers, Inc., 683 F. Supp. 899, 913 (E.D.N.Y. 1988) (internal quotation marks and citation omitted) (brackets omitted); accord Elastic Wonder, Inc. v. Posey, No. 13-CV-5603, 2015 WL 273691, at *4 (S.D.N.Y. Jan. 22, 2015). "Demonstrating that a corporate officer 'authorized and

9

approved the acts of unfair competition which are the basis of the corporation's liability is sufficient to subject the officer to personal liability.'" Study Logic, LLC v. Clear Net Plus, Inc., No. 11-CV-4343, 2012 WL 4329349, at *11 (E.D.N.Y. Sept. 21, 2012) (quoting Bambu Sales, 683 F. Supp. at 913).

Here, the Complaint alleges that Sultan "is the owner and manager of Burgers To Go," (Compl. ¶ 3), and that he directly participated in all of the alleged acts of infringement, (see generally Compl.). "The case law is clear that if a corporate officer was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity, the officer is a moving, active, conscious, force behind the corporation's infringement." See Chloe v. Queen Bee of Beverly Hills, LLC, No. 06-CV-3140, 2011 WL 3678802, at *5 (S.D.N.Y. Aug. 19, 2011). The allegations of the Complaint therefore plausibly allege that Sultan, as the owner and manager of Burgers To Go and as a direct participant in the infringing activity, is the "moving, active conscious force behind" Burgers To Go's infringement. See Elastic Wonder, Inc. v. Posey, No. 13-CV-5603, 2015 WL 273691, at *4 (S.D.N.Y. Jan. 22, 2015) (denying motion to dismiss trademark infringement claim against the corporate defendant's president). Moreover, Plaintiff contends that he and his representatives contacted Sultan and "demanded that the defendants cease unauthorized use of

10

[Plaintiff's] trademarks in connection with the restaurant," but that "Defendants refused." (Compl. ¶ 36.) This allegation further suggests that Sultan was behind Burgers To Go's infringement. See Elliott v. Gouverneur Tribune Press, Inc., No. 13-CV-0055, 2013 WL 6240489, at *3 (N.D.N.Y. Dec. 3, 2013) (finding that the allegation "that [the] [p]laintiff spoke with [the defendant corporate officer] regarding [the] [p]laintiff's demands that [the defendant corporation] not reproduce her copyrighted images without permission plausibly suggest[ed] that [the defendant corporate officer] was a moving, active, conscious force behind [the defendant corporation's] infringement" (last alteration in original) (internal quotation marks and citation omitted)). Accordingly, Plaintiff has stated a claim for trademark infringement against Sultan, and Sultan's motion to dismiss is therefore DENIED.

II. Plaintiff's Cross-Motion for Leave to Amend the Complaint

In his brief, Plaintiff states that "[t]o the extent necessary, plaintiff respectfully requests leave to amend the complaint to add the allegation that [Burgers To Go] was the alter ego of . . . Sultan." (Pl.'s Br., Docket Entry 53, at 6.) It is unclear what Plaintiff means by "[t]o the extent necessary." In any event, "numerous courts have held that a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under Fed. R. Civ. P. 15."

Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc., No. 12-CV-2285, 2014 WL 5822628, at *5 (E.D.N.Y. Nov. 6, 2014) (internal quotation marks and citations omitted) (collecting cases); see also Curry v. Campbell, No. 06-CV-2841, 2012 WL 1004894, at *7 (E.D.N.Y. Mar. 23, 2012) ("To satisfy the requirement of particularly in a motion to amend a pleading, the proposed amended pleading must accompany the motion so that both the Court and opposing parties can understand the exact changes sought." (internal quotation marks and citation omitted)). Accordingly, Plaintiff's cross-motion to amend the Complaint is DENIED WITHOUT PREJUDICE.

III. Burgers To Go's Request to File a Response to Plaintiff's Damages Statement

Finally, Burgers To Go requests permission to file a response to Plaintiff's damages statement. (See Docket Entry 77.) Plaintiff opposes this request, arguing that Burgers To Go waived any right to respond to Plaintiff's damages statement since Sultan chose not to reply to the damages statement when it was originally filed. (Pl.'s Nov. 25, 2014 Letter, Docket Entry 79, at 3.) The Court disagrees with Plaintiff.

"Unlike allegations pertaining to liability, allegations in connection with damages are not deemed admitted in the context of a default judgment." Deckers Outdoor Corp. v. TKM Forest Hills, LLC, No. 12-CV-5986, 2014 WL 4536715, at *6 (E.D.N.Y. Sept. 11, 2014). "Damages, which are neither susceptible of mathematical

12

computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

As noted, on September 16, 2014, the Court granted Plaintiff's motion for default judgment against Burgers To Go and gave Plaintiff thirty days to provide appropriate documentation to support his damages calculation. According to his statement, Plaintiff seeks damages based on a reasonable royalty theory, which, in this Court's estimation, may require an evidentiary hearing. See Deckers, 2014 WL 4536715, at *6 ("It is within the Court's discretion to determine whether plaintiffs' burden has been met, and whether or not to hold an evidentiary hearing." (internal quotation marks and citation omitted)). Burgers To Go has a right to participate at this potential hearing notwithstanding its prior default. In any event, even if the Court does not hold an evidentiary hearing, Plaintiff will not suffer any prejudice if Burgers To Go is permitted to respond to Plaintiff's damages statement because the Court has deferred the calculation of damages until this case is resolved as to the non-defaulting defendant, Sultan. Accordingly, the Court will permit Burgers To File to file a response to Plaintiff's damages statement.

CONCLUSION

For the foregoing reasons, Sultan's motion to dismiss (Docket Entry 44) is DENIED; Plaintiff's cross-motion for leave to file an amended complaint (Docket Entry 54) is DENIED WITHOUT PREJUDICE; and Burgers To Go's motion for permission to file a response to Plaintiff's damages statement against Burgers To Go (Docket Entry 77) is GRANTED. Burgers To Go is ORDERED to file a response to Plaintiff's damages statement within fourteen (14) days of the date of this Memorandum and Order. The Court will not grant Burgers To Go an extension of time to file its response absent extraordinary circumstances.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __23__, 2015
        Central Islip, New York